UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOYCE S.[1], | Case No.: 6:18-cv-00601-MK |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**KASUBHAI, Magistrate Judge:**

Plaintiff Joyce S. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") decision denying her application for Disability Insurance Benefits under the Social Security Act (the "Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For reasons discussed below, the Court should reverse the Commissioner's decision and remand this case for the immediate calculation and award of benefits.

---

[1] In the interest of privacy, this Findings and Recommendation uses only the first name and the initial of the last name of the non-governmental parties in this case.

1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits on July 25, 2013, alleging disability beginning July 24, 2013. Tr. 210-16. Her claims were denied initially, and Plaintiff timely requested and appeared for a hearing before Administrative Law Judge ("ALJ") John Michaelsen on December 3, 2015. Tr. 160-64, 169-74, 99-135. The ALJ denied Plaintiff's application in a written decision dated February 16, 2016. Tr. 70-92. Plaintiff sought review from the Appeals Council, which was denied, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the decision.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, "weighing both the evidence that supports and detracts from the ALJ's conclusion." *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Id.* If the claimant satisfies her burden with respect to the first four steps, the burden shifts to the commissioner at step five. *Id.*; *see also*

*Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).  At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v).  If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.*  If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

In the present case, the ALJ found that Plaintiff was not disabled.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the onset date of July 24, 2013. Tr. 75.  At step two, the ALJ found Plaintiff had the following severe impairments: aortic stenosis with a history of atrial fibrillation, obesity, affective disorder, and anxiety-related disorder. *Id.*  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 18.

Prior to step four, the ALJ determined that Plaintiff retained residual functional capacity ("RFC") that allowed her to perform light work except with the following limitations:

> The claimant could not frequently balance and occasionally stoop, crouch, crawl, kneel, or climb ramps or stairs. She could not climb ladders, ropes, or scaffolds.  The claimant would need to avoid concentrated exposure to temperature extremes as well as any exposure to unprotected heights, moving machinery, or similar hazards.  The claimant could perform simple, repetitive, routine tasks.

Tr. 78.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 86.  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and RFC, such as Electronics Worker, Small-Products Assembler, and Information Router. Tr. 86-7.

3 – FINDINGS AND RECOMMENDATION

Plaintiff contends that the ALJ erred by failing to identify legally sufficient bases supported by substantial evidence in the record to: (1) discredit Plaintiff's subjective statement; (2) reject the examining medical source opinion of psychologist Judith Eckstein, Ph.D., and the treating medical source opinion of Elaine Callahan, M.D.; and (3) reject the competent lay witness statement of Plaintiff's sister, Juanita Pate-Smith.

## I. Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted).  A general assertion the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).  If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p[2] provides that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms.

---

[2] Effective March 28, 2016, SSR 16-3p supersedes and replaces SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, *available at* 2016 WL 1119029.

SSR 16-3p, *available at* 2016 WL 1119029 at *1-2.  The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

### A. Non-Compliance of Treatment

"[I]f the medical reports or records show that the [claimant] is not following the treatment as prescribed and there are no good reasons for this failure," the [claimant]'s statements may be less credible. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (citing SSR 96-7p). "Moreover, a claimant's failure to assert a good reason for not seeking treatment, 'or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony.'" *Id.* (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Where reasons for non-compliance are provided but no medical evidence supports that the claimant's non-compliance was "attributable to her mental impairment rather than her own personal preference," it is reasonable for the ALJ to conclude that the level or frequency of treatment was inconsistent with the level of complaints. *Id.* at 1114.

The ALJ found that Plaintiff's "history of non-compliance" among other factors undermined the credibility of her statements. Tr. 83.  In November 2013 and January 2014, Plaintiff reported that she was not taking medication for her heart condition as prescribed because "she wakes up late." Tr. 462, 464.  In July 2014, Plaintiff had not presented for an International Normalized Ratio ("INR")[3] in three months, even though Plaintiff was supposed to

---

[3] INR is a laboratory measurement of how long it takes blood to form a clot.  It is used to determine the effects of oral anticoagulants on the clotting system. Def.'s Resp. 3, n. 2 (ECF No. 16) (citing https://www.myvmc.com/investigations/blood-clotting-international-normalised-ratio-inr/).

5 – FINDINGS AND RECOMMENDATION

check her INR on a monthly basis. Tr. 684, 687.  Plaintiff repeatedly failed to follow dietary recommendations to manage her weight and diabetes.  Tr. 462 ("She has gained 30 pounds of weight since her last visit due to dietary noncompliance. She has a history of diet-controlled diabetes but has not been following her sugars." (January 2, 2014)); Tr. 544 ("Diabetes. Not controlled, but patient not following any diet. … When she has kept to a strict diet, she has not needed medication for glycemic control." (January 6, 2014)); Tr. 681 ("She does not check her sugars." (October 22, 2014)); Tr. 684 ("She reports rarely checking her blood glucose, she reports trying to keep to a restricted caloric and carbohydrate diet, [sic] but likes her dessert at nighttime and usually takes 2 portions." (July 8, 2014)); Tr. 718 ("Uncontrolled DM. Glucose in clinic too high for glucometer. Suspect she is off diet and off medication." (July 20, 2015)); Tr. 742 ("She started eating poorly again, drinking mountain dew, ended up in the ED recently with blood sugars in the 700 range." (July 30, 2015)).

Additionally, when referred to a psychiatrist, Dr. Henderson, Plaintiff wanted to wait before accepting the referral. Tr. 652.  She subsequently stopped treatment "due to referral to Dr. Henderson and possible perceived thought she was 'crazy.'" Tr. 732.  After Plaintiff did visit the referred psychiatrist in April 2015, she refused to follow treatment recommendations because she "adamantly disagreed" with the psychiatrist's evaluation. Tr. 752.

The Commissioner argues that the ALJ reasonably discounted Plaintiff's symptom testimony on the basis of her non-compliance with treatment because there was no medical evidence that Plaintiff's resistance was attributable to her mental impairment rather than her own personal preference. Def.'s Br. 4 (ECF No. 16) (citing *Molina*, 674 F.3d at 1114).  Contrary to the Commissioner's assertion, Plaintiff's psychologist Dr. Judith Eckstein opined after performing a comprehensive psychological evaluation of Plaintiff that "her low energy level and

6 – FINDINGS AND RECOMMENDATION

withdrawal make it difficult for her to engage in her treatment." Tr. 632.  When asked "whether [Plaintiff]'s diagnoses of major depression and anxiety would interfere with her capacity to comply with recommended medical treatment," Dr. Eckstein responded that "it is quite common that major depression has as one of its symptoms a lack of motivation to seek out treatment or even to complete general daily activities (such as grooming and attention to household matters)." Tr. 23.

When failure to comply with treatment is attributable to the claimant's mental impairment, the Ninth Circuit disfavors reliance on Plaintiff's failure to comply as a substantial basis for discrediting claimant's condition. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).  Additionally, in discounting Plaintiff's symptom testimony, the ALJ did not address Dr. Eckstein's opinion that offers an uncontradicted medical reason for Plaintiff's failure to comply with treatment. *See* Tr. 83.  By simply ignoring Dr. Eckstein's opinion on point, the ALJ essentially rejected Dr. Eckstein's opinion without providing clear and convincing reasons. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990) (an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician).  For these reasons, the ALJ improperly discounted Plaintiff's symptom testimony based on her non-compliance.

The Commissioner further argues that the ALJ's discounting of Plaintiff's subjective complaints is supported by the inconsistencies between objective medical evidence and Plaintiff's complaints. Def.'s Br. 4-5 (ECF No. 16).  Objective medical evidence is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(2).  However, the ALJ's decision in discrediting Plaintiff's alleged symptoms does not specifically include inconsistencies between objective medical evidence and Plaintiff's complaints. Tr. 83

7 – FINDINGS AND RECOMMENDATION

("The claimant's long-standing condition, work history, history of non-compliance, and admitted abilities undermined the alleged intensity, persistence, and limiting effects of her symptoms and suggested that her statements are not generally credible."). Neither does Plaintiff challenge the ALJ's decision based on these grounds. Pl.'s Br. (ECF No. 13). The Commissioner's argument on the inconsistent objective medical evidence is a *post hoc* analysis since the ALJ's decision does not include this reasoning. "[A]n ALJ's decision may not be upheld based on '*post hoc* rationalizations that attempt to intuit what the ALJ might have been thinking.'" *Esser v. Colvin*, No. 3:15-cv-01939-MA, 2016 WL 5746353, at *3 (D. Or. Oct. 3, 2016)) (quoting *Bray v. Comm'r of Sc. Sec. Admin.*, 554 F.3d 1219, 1226-27 (9th Cir. 2009)). Therefore, the Court does not address this issue raised by the Commissioner and does not uphold the ALJ's decision to discount Plaintiff's subjective statements based on this analysis.

### B. Work History

Where the claimant's lengthy history of impairment did not prevent her from working, the ALJ may discredit the claimant's subjective complaints. *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988) (finding that the claimant's back problems had remained constant for a number of years and had not prevented her from working, which are substantial evidence to support the decision that the claimant's back problems did not render her disabled). An ALJ may also find the claimant's subjective complaints not credible if the claimant left a job for reasons unrelated to the impairments. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (affirming the ALJ's finding that the claimant's subjective complaints not credible because, among other factors, the claimant left his job because he was laid off, rather than because he was injured).

8 – FINDINGS AND RECOMMENDATION

The ALJ found that Plaintiff continued to work despite her long history of physical impairments and depression, Plaintiff admitted that she was fired from her last job in February 2012 for reasons unrelated to her severe impairments, and "the medical record does not suggest a significant decline in either her physical or mental condition around her onset date." Tr. 83. Contrary to his finding that there is "no significant decline" in Plaintiff's mental condition around her onset date, the ALJ also found that (i) Plaintiff told Dr. Callahan in February 2012 that she had increased crying spells, anxiety, and stress, (ii) Dr. Callahan prescribed more medication for Plaintiff's depression, and (iii) Plaintiff reported that her depression was worse in July 2014. Tr. 81. These findings are inconsistent with the ALJ's conclusion that there was no significant decline in Plaintiff's mental condition. The ALJ nonetheless reasoned that Plaintiff "was able to work and did so despite her conditions, and perhaps would have continued to do so has [sic] she not been fired or had she successfully found new work." *Id.*

The ALJ did not adequately consider the difference between Plaintiff's physical and mental conditions. The record contains substantial evidence from which the ALJ could conclude that Plaintiff's *physical* conditions were "unchanged." In contrast, the record documents that Dr. Callahan changed treatment for Plaintiff's *mental* condition. Specifically, Dr. Callahan increased Plaintiff's medication and referred her to counseling. Tr. 331-39. However, the ALJ inappropriately attributed the unchanged status of Plaintiff's physical condition to her mental condition.

For these reasons, the ALJ failed to provide specific, clear and convincing reasons to reject Plaintiff's symptom testimony based on her work history. *Smolen*, 80 F.3d at 1281.

9 – FINDINGS AND RECOMMENDATION

### C. Activities of Daily Living

Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). When considering the factor of daily activities, the Ninth Circuit has repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, and only if the level of activity is inconsistent with the claimant's claimed limitations would these activities have any bearing on the claimant's credibility. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (citing *Smolen*, 80 F.3d at 1287 n. 7 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."); *Fair*, 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.")).

Plaintiff challenges the ALJ's discounting of her testimony based on her reported activities, for the activities of grocery shopping, walking for exercise and swimming recreationally "cannot constitute substantial evidence inconsistent with Plaintiff's reported symptoms." Pl.'s Br. 19-20 (ECF No. 13) (citing *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("activities such as walking in the mall and swimming are not necessarily transferable to the work setting")).

The Commissioner does not defend the ALJ's finding that Plaintiff's symptom testimony was inconsistent with her activities but argues that the alleged error is harmless because the ALJ

identified other valid reasons supported by substantial evidence to discount Plaintiff's symptom testimony. Def.'s Br. 7, n. 3 (ECF No. 16).

"The decision of the ALJ will not be reversed for errors that are harmless." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). However, a reviewing court cannot consider an error harmless, "unless it can confidently conclude that no reasonable ALJ . . . could have reached a different conclusion." *Id*. at 1056. In other words, legal errors are harmless only if they are inconsequential to the non-disability decision. *Id*. at 1055.

By not defending the ALJ's finding based on Plaintiff's activities, the Commissioner concedes that it is not supported by substantial evidence. Additionally, as discussed above and contrary to the Commissioner's argument, the ALJ's other reasons to discredit Plaintiff's subjective testimony are also not supported by substantial evidence in the record. Because the ALJ primarily relied on his discounting of Plaintiff's subjective statements as well as Dr. Eckstein's opinion (which was based in part on Plaintiff's subjective statements) to find Plaintiff not disabled, the ALJ's error regarding Plaintiff's activities is not harmless.

## II. Medical Opinion Evidence

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Specific and legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray v. Commissioner*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews v. Shalala*, 53 F.3d 1035, 1042–43 (9th Cir. 1995). An ALJ errs by

11 – FINDINGS AND RECOMMENDATION

rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison*, 759 F.3d at 1013; *see also Smolen*, 80 F.3d at 1286 (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In other words, "[t]he ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988)).  "[T]he opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

### A. Psychologist, Dr. Eckstein

"A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citing *Morgan*, 169 F.3d at 602 (internal quotation marks and citation omitted)).  Regarding psychiatric evaluations, however, the Ninth Circuit has acknowledged that "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology

12 – FINDINGS AND RECOMMENDATION

… Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient.  But such is the nature of psychiatry. … Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (internal citation and quotation omitted).

The ALJ gave partial weight to Dr. Eckstein's opinion that Plaintiff could understand, remember, and carry out short and simple instructions and make simple work-related decisions, because it was supported by her examination of Plaintiff and was consistent with the normal cognitive testing results. Tr. 84.  The ALJ rejected the remainder of Dr. Eckstein's opinion because it relied on Plaintiff's self-reported symptoms and was inconsistent with Plaintiff's statements elsewhere in the record. Tr. 84-5.  The ALJ noted that Dr. Eckstein's opinion that Plaintiff had deficits in social functioning was inconsistent with Plaintiff's statement, because Plaintiff "wrote that she socialized with others and that she had no problems getting along with family-members, friends, neighbors, authority figures, and others." Tr. 85.

Dr. Eckstein's opinion was based in part on Plaintiff's self-report, and she also conducted a comprehensive psychological evaluation of Plaintiff. Tr. 628-38.  According to the Ninth Circuit, "[t]hese are objective measures and cannot be discounted as a 'self-report.'" *Buck*, 869 F.3d at 1049 (finding that a psychiatrist's opinion based in part on the claimant's self-report and the psychiatrist's clinical interview and a mental status evaluation are objective measures and cannot be discounted as a "self-report").

Regarding Plaintiff's social functioning, when filling out the Function Report, Plaintiff checked the box "NO" to the question "[d]o you have any problems getting along with family, friends, neighbors, or others?" Tr. 244.  In the same Function Report, Plaintiff checked "YES" to

13 – FINDINGS AND RECOMMENDATION

the question "[d]o you spend the time with others? (In person, on the phone, on the computer, etc.)" and described the kinds of things she does with others as "mainly talk and sit." Tr. 243. Dr. Eckstein's evaluation report notes that: "In terms of social functioning, [Plaintiff] and her husband attend church on a weekly basis. She has one good friend, although they don't see each other very much. Her main friend is one of her sisters." Tr. 630. She further notes that Plaintiff's "interpersonal style is best characterized as her being very uncomfortable with little need or interest in interacting with others. She mostly takes a passive, submissive stance in relationships with this passivity leading to feelings of resentment if she's feeling pressured." Tr. 633. At the hearing, Plaintiff testified that her social circle is her husband, her sister, and her one other friend. Tr. 126.

The ALJ concluded that Dr. Eckstein's opinion about Plaintiff's social functioning is inconsistent with Plaintiff's own statement because Plaintiff answered "NO" when asked whether she has problems getting along with people. However, the ALJ did not provide reasons to state his interpretation, neither did he explain why he, rather than Dr. Eckstein, is correct, especially in light of the evidence that Plaintiff's social circle is limited to his husband, his sister, and one other friend.

For these reasons, the ALJ improperly discredited Dr. Eckstein's opinion.

**B. Treating Physician, Dr. Callahan**

The ALJ gave Dr. Callahan's opinion little weight "since it was largely inconsistent with her treatment notes." Tr. 85. The ALJ reasoned that because Dr. Callahan's treatment notes suggest that Plaintiff's physical and mental conditions were relatively stable, and they cannot explain why she would miss up to four days a month of work or could not complete five successive work days as Dr. Callahan opined. *Id.* Additionally, the ALJ noted that Dr.

Callahan's treatment notes show that Plaintiff had a normal mood and affect. *Id.* The ALJ found it noteworthy that Dr. Callahan is not a psychiatrist or psychologist, thus her agreement to Dr. Eckstein's opinion is questionable given the discrepancy with her treatment notes. *Id.*

While Plaintiff presents a different interpretation of the medical record – that the overall record, particularly Dr. Callahan's treatment notes, did not warrant the limitations assessed by Dr. Callahan – Plaintiff does not necessarily dispute the ALJ's assertion that Plaintiff's conditions were medically stable. Pl.'s Br. 14 (ECF No. 13).

"[W]hen the evidence is susceptible to more than one rational interpretation, [a reviewing court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. With regard to Plaintiff's physical impairments, Dr. Callahan largely kept Plaintiff's treatment unchanged. Tr. 80, 331-39, 541-44, 548-50, 557-59, 561-66, 579-81. Because the ALJ's assertion is a rational interpretation based on Dr. Callahan's treatment notes, the Court should uphold the ALJ's finding that Plaintiff's physical impairments were medically stable without engaging in second-guessing. *Malina*, 674 F.3d at 1111.

The record documents a material change in Plaintiff's mental impairment and Dr. Callahan's treatment. Dr. Callahan prescribed Lexapro, an antidepressant medicine, when Plaintiff reported to Dr. Callahan in 2012 that she had increased crying spells, anxiety, and stress relating to work. Tr. 81, 331-39. Dr. Callahan increased Lexapro and referred Plaintiff to counseling when Plaintiff's depression worsened in 2014. Tr. 81, 683-84, 687. Dr. Callahan agreed with Dr. Eckstein's evaluation of Plaintiff's mental impairment. Tr. 85, 852. Dr. Callahan's opinion is consistent with and corroborates Dr. Eckstein's opinion. Since there is no conflict between Dr. Callahan and Dr. Eckstein's opinions for the ALJ to resolve, the ALJ should have credited Dr. Callahan's opinion regarding Plaintiff's mental impairment.

15 – FINDINGS AND RECOMMENDATION

**III. Lay Witness Testimony**

The Code of Federal Regulations specifically provide that opinions from nonmedical sources can be provided for consideration. 20 C.F.R. §§ 404.1527(f), 404.1502(e). "Competent lay witness testimony cannot be disregarded without comment, and … in order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness." *Molina*, 674 F.3d at 1114 (internal quotation marks and citations omitted). If the ALJ provided clear and convincing reasons for rejecting the claimant's own subjective complaints and if the lay witness's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting the lay witness's testimony. *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 694 (9th Cir. 2009); 20 C.F.R. §§ 404.1529(c)(3), 404.1545(a)(3).

Here, the ALJ noted that Plaintiff's sister Juanita Pate-Smith's statement indicated that Plaintiff's functionality had greatly declined since October 2013. The ALJ rejected Ms. Pate-Smith's statements and provided two reasons for the rejection: (1) Ms. Pate-Smith "lacks the objectivity and professional background or experience to assess properly the claimant's functional abilities[,]" and (2) her "general assertion that the claimant's condition has worsened since October 2013 is inconsistent with the medical record, which does not show objective findings indicating a significant decline in her physical or mental condition." Tr. 86.

A lay witness's personal relationship with the claimant is not a valid reason to discount his or her observations. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Therefore, the ALJ improperly rejected Ms. Pate-Smith's statements on the basis that she lacks objectivity.

"[A] lack of support from the overall medical evidence is also not a proper basis for disregarding [a lay witness]'s observations." *Id.* (internal quotation marks and citation omitted). "The fact that lay testimony and third-party function reports may offer a different perspective

16 – FINDINGS AND RECOMMENDATION

than medical records alone is precisely why such evidence is valuable at a hearing." *Id.* The ALJ's rejection of Ms. Pate-Smith's statement based on the rational that her observation is inconsistent with the medical record is not a germane reason to give little weight to those observations. *Id.* ("A lack of support from medical records is not a germane reason to give 'little weight' to those observations."). Similarly, the ALJ's reasoning that Ms. Pate-Smith lacks professional background or experience to assess Plaintiff's functional abilities does not stand, because lay witnesses are not professionals by definition.

## RECOMMENDATION

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The Court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine leaves the court flexibility in determining whether to enter an award of benefits upon reversing the

17 – FINDINGS AND RECOMMENDATION

Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 2003)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, as to the first prong of the credit-as-true analysis, the ALJ failed to provide legally sufficient reasons to discredit Plaintiff's subjective testimony, Dr. Eckstein's opinion and Dr. Callahan's opinion. As to the second prong, the Commissioner argues that there remain several issues which must be resolved. Specifically, Plaintiff's non-compliance to treatment, inconsistent objective evidence with Plaintiff's subjective complaints, Plaintiff's work history, Dr. Eckstein's opinion about Plaintiff's difficulties with social interaction, and inconsistencies between Dr. Callahan's treating notes and her opinion. Except for the ALJ's discounting of Dr. Callahan's opinion regarding Plaintiff's physical condition which the Court upheld, the Court has found that all the other issues contended by the Commissioner are legally insufficient reasons to discredit Plaintiff's subjective statements. In other words, there remain no outstanding issues that must be resolved. Therefore, the second prong of the credit-as-true analysis is met. As to the third prong, the ALJ stated at the hearing that "I[ a]m willing to concede that if I take those medical reports and those findings and that opinion as accurate, I would stipulate to the fact that this claimant would be found disabled." Tr. 132. Therefore, it is clear from the record that had Plaintiff's subjective statements, Dr. Eckstein's opinion and Dr. Callahan's opinion have been fully credited, the ALJ would have been required to find Plaintiff disabled. Accordingly, the third prong is met.

For the reasons set forth above, the Court should reverse and remand this case for the immediate calculation and award of benefits.

## Scheduling Order

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

18 – FINDINGS AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 6th day of June 2019.


s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge


19 – FINDINGS AND RECOMMENDATION